Rose M. Palmer and Lillian Palmer, Plaintiffs, *v.*
Rotary Realty Company, Inc., Samuel Cohn and
Alexander Holman, Defendants.

(Supreme Court, Kings Special Term, November, 1919.)

Depositions — examination before trial — when justice of Supreme
Court in New York county has no power to vacate or modify
an order granted by a justice in Kings county — motions and
orders.

A justice of the Supreme Court holding a Special Term in
New York county whether sitting as a judge out of court
or sitting in court has no power to entertain a motion to vacate
or modify an order granted by a Supreme Court justice in
Kings county for the examination of a defendant before trial
even though the order directs that the examination of certain
non-residents of Kings county be held before the justice in
New York county.

Where the justice in New York county upon a motion im-
properly made before him vacates the order for defendant's
examination, his order is void and the order for examination
still stands.

A motion to vacate the order for defendant's examination
denied but said order modified by striking out a provision as
to certain items of receipts and disbursements and a direction
for the production of defendant's books and papers.

Motion to vacate or modify an order for defendants'
examination before trial.

Bernard H. Arnold, for motion.

Rose M. Palmer, in opposition.

Benedict, J. This is a motion to vacate or modify
an order made by Mr. Justice Cropsey for defendants'
examination before trial. I think the plaintiffs are
entitled to examine the defendants before trial with
respect to all the matters specified in the order,
except the items of receipts and disbursements for the

property mentioned in said order. Those are matters into which plaintiffs are privileged to inquire only after they have established their right to an accounting. If on the trial the court shall determine that the deed given by the plaintiffs to the defendant Rotary Realty Company, Inc., was in fact a mortgage, then an accounting will be directed by interlocutory judgment, on which all matters respecting defendants' receipts and disbursements on account of the premises in question can be inquired into.

So far as the direction for the production of books and papers is concerned, I cannot see that the books and papers mentioned in the order or in the affidavit on which it was granted, will be helpful to plaintiffs in proving any of the matters which they must prove in order to obtain an interlocutory judgment for an accounting.

A question of practice is, however, presented which I think should be fully discussed, because by lack of attention to certain plain and simple rules of procedure a situation has been created which ought not to be possible in any orderly system of jurisprudence.

Because the persons to be examined were not residents of Kings county, the examination was directed to be held before the justice of this court holding Special Term, Part II, in New York county. On the return day of the order defendants' attorney applied to Mr. Justice Hendrick, who was there sitting, to vacate or modify the order, and he made, it is stated, an oral decision, directing a modification of the order by striking out the two paragraphs hereinbefore referred to. An order was made by him in the form of a court order, dated October eighteenth or October twentieth (it is not clear which), striking out only one paragraph of the order directing the examination, leaving in the paragraph relating to the books, and

directing the examination to proceed on October twentieth. On the latter date, on motion of the defendants' attorney, Mr. Justice Hendrick vacated this order and made another order striking out both of said paragraphs, and setting the examination for the twenty-second. On the twenty-fourth he made another order vacating the order of October twentieth which vacated the order of October eighteenth. It would seem, therefore, that he intended to restore the order of October eighteenth, which struck out only one paragraph of Mr. Justice Cropsey's order. None of these several orders appears to have been entered in Kings county, where this action is triable. On the several occasions when the parties appeared in court, defendants' attorney refused to proceed with the examination and finally made a motion on order to show cause containing a stay, returnable at Special Term, Part I, in New York county to vacate Mr. Justice Cropsey's order. This he was allowed to withdraw and he subsequently brought on the motion now before the court.

The doubt presented is whether I should entertain a motion which was apparently made and passed upon by Mr. Justice Hendrick and whose order, that of October eighteenth, apparently still stands. I think, however, that the motion to vacate was improperly made before Mr. Justice Hendrick. The Code of Civil Procedure provides that an order made by a judge of the court, out of court, may be vacated or modified without notice by the judge who made it, or upon notice, by him, or by the court. § 772. It is also provided that a motion on notice must be made in a county within the judicial district containing the county in which the action is triable, or in a county adjoining the county in which the action is triable, and that a motion upon notice cannot be made in the first judicial district in an action triable elsewhere. § 769. The judge before whom the examination is held sits as a judge out of

court. § 873. Hence no application could properly be made on the return day to Mr. Justice Hendrick to vacate or modify Mr. Justice Cropsey's order. If the motion made before Mr. Justice Hendrick can be regarded as addressed not to him, as a judge out of court, but to the court, and if, further, plaintiffs may be deemed to have waived the requirement that it be made on notice, it was still improper to make it, because it was a motion which could only be made in Kings county, or in some county of the second judicial district, and not in the first judicial district.

Hence, I conclude that Mr. Justice Hendrick, whether sitting as a judge out of court, or sitting in court, had no power to entertain the motion to vacate or modify Mr. Justice Cropsey's order, and his order which still stands is void. *Harris* v. *Clark,* 10. How. Pr. 415, 424.

Part of the relief asked on this motion is the vacation of that order, the first one made by Mr. Justice Hendrick, which relief is granted.

The motion to vacate Mr. Justice Cropsey's order is denied, with ten dollars costs to the plaintiffs. Mr. Justice Cropsey's order will, however, be modified by striking out the following provisions:

" The items of receipts and disbursements for property #1594–1596 Eastern Parkway, Borough of Brooklyn, City of New York.

" Further ordered: That the defendant Rotary Realty Company, Inc., produce at the examination before trial all books of account, check books, vouchers, paid bills or other papers concerning the above premises."

The examination will proceed on November 13, 1919, before a justice of this court sitting at Special Term, Part II, in New York county.

Ordered accordingly.